UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET |
| v. | * | NO. 12-189 |
| JAMES SINGLETON | * | SECTION: "L" |

### ORDER & REASONS

Before the Court is Defendant James Singleton's Motion to Expunge Record. R. Doc. 43. The Government opposes the motion. R. Doc. 45. Considering the record, briefing, and applicable law, the Court now rules as follows.

I.   **BACKGROUND & PRESENT MOTION**

On May 17, 2012, Singleton was charged in a one count Bill of Information with Theft as an Agent of an Organization Receiving Federal Funds in violation of Title 18, United States Code, Section 666. R. Doc. 12. This charge arose out of Singleton using his position as Deputy Clerk for the Orleans Parish Traffic Court to steal thousands of dollars from individuals appearing before Traffic Court. R. Doc. 29. Specifically, the investigation revealed Singleton took at least $9,000.00 from at least six different victims to fix traffic tickets. *Id.* Singleton entered a plea of guilty to stealing the money for his personal use, failing to report the money to Traffic Court, and for failing to remit the stolen money to Traffic Court. R. Doc. 27. On September 13, 2012, Singleton was sentenced to seven months incarceration, 200 hours of community service, and one year of supervised release. R. Doc. 38.

In Singleton's present motion, he requests that this Court grant him an expungement of this prior criminal arrest and conviction from his record. R. Doc. 43. In support, he claims that "a person may file a motion to expunge his record of arrest and conviction of a felony offense if a

1

period of more than ten (10) years have elapsed since the completion of the sentence." *Id.* The Government opposes the motion, noting that federal law does not recognize Singleton's requested relief. R. Doc. 45.

## II.    LAW & ANALYSIS

The Fifth Circuit only allows for expungement of records under exceptional circumstances, but this allowance is very narrow. *Sealed Appellant v. Sealed Appellee*, 130 F.3d 695, 702 (5th Cir. 1997). The defendant must meet the high burden of proving that expungement is the only relief to his injury. *United States v. Jones*, No. CR 00-114-JWD-SDJ, 2022 WL 1078025, at *3 (M.D. La. Apr. 11, 2022). Absent specific statutory authority, the scope of a district court's power to order expungement of executive-branch records is limited: "[i]n order to have standing to seek expungement, the party seeking expungement against executive agencies must assert an affirmative rights violation by the executive actors holding the records of the overturned conviction." *Sealed Appellant*, 130 F.3d at 702; *see also United States v. McLeod*, 385 F.2d 734, 750 (5th Cir.1967) (ordering expungement where state officials were intentionally using arrest records to prevent minorities from voting). Since a district court "lacks power to order the official records of an overturned conviction rewritten, it follows as an *a fortiori* matter that the court is not empowered to do in a case . . . in which the validity of the original conviction is unquestioned." *United States v. Scott*, 793 F.2d 117, 118 (5th Cir. 1986).

Preliminarily, the Court notes that Singleton's argument that he may request an expungement ten days after the competition of his sentence is inapplicable because such relief is only available under Louisiana state law.[1] Federal criminal law controls in the instant case, which

---

[1] Article 978 of the Louisiana Code of Criminal Procedure provides that: "[a] person may file a motion to expunge his record of arrest and conviction of a felony offense if…[m]ore than ten years have elapsed since the person completed any sentence, deferred adjudication, or period of probation or parole based on the felony conviction, and

2

establishes an extremely high burden for expungement requests that are not normally granted where the underlying conviction is valid. *See Scott*, 793 F.2d at 118. Here, Singleton notably does not assert that he was wrongfully charged and convicted in this matter, nor does he identify any statutory provisions that grant him the right to an expungement. *See United States v. Wahi*, 850 F.3d 296, 298 (7th Cir. 2017) (noting "expungement authority is not inherent but instead must be grounded in a jurisdictional source found in the Constitution or statutes); *see also United States v. Jones*, 2022 WL 1078025 at 3 (M.D. La. April 11, 2022) (recognizing the Seventh Circuit's holding in *Wahi* and refusing to grant defendant's expungement request). Accordingly, the Court finds that Singleton is not entitled to an expungement under federal law. This outcome comports with Congress's mandate that the Attorney General "acquire, collect, classify, and preserve" all records concerning a crime and keeps valuable information available to law enforcement that may assist in further investigation of related crimes. 28 U.S.C. § 534(a); *Sealed Appellant*, 130 F.3d at 702.

### III.   CONCLUSION

Accordingly;

**IT IS HEREBY ORDERED** that Defendant James Singleton's Motion to Expunge Record, R. Doc. 43, is **DENIED**.

New Orleans, Louisiana, this 25th day of April, 2025.

_____
United States District Judge

Cc: Mr. James Singleton
6644 Bamberry St.
New Orleans, LA 70126

---

the person has not been convicted of any other criminal offense for a period of at least ten years preceding the motion and has no criminal charge pending against him." La. C. Cr. P. Art. 978(A)(2).